## COUNTY OF MIDDLESEX, OCTOBER TERM 1838, AT CAMBRIDGE.

PRESENT :

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,
Hon. CHARLES A. DEWEY,

## Ezra Bickford *versus* The Boston and Lowell Railroad Corporation.

In declaring in *scire facias*, under *St.* 1794, *c.* 65, against one summoned as trustee, it was not necessary to aver that the defendant had been adjudged trustee on the original trustee process ; nor was such an adjudication required in all cases, if in any, in which the trustee di∴ not discharge himself upon oath. (But see Revised Stat. *c.* 109, and particularly § 14.)

In the case of an execution against a debtor and against his goods, effects and credits in the hands of a railroad corporation as his trustee, a demand on the president of the corporation to satisfy the execution, was *held* to have been made upon a proper officer of the corporation.

By *St.* 1794, *c.* 65, § 6, a trustee who has been examined on oath, upon the original trustee process, and has disclosed funds of the principal in his hands, cannot be again examined on *scire facias*. By Revised Stat. *c.* 109, § 41, on *scire facias*, the court may require or permit the trustee to be examined anew, notwithstanding any examination in the original suit ; and by *c.* 146, § 5, the repeal of former statutes shall not affect any act done or right accruing or accrued, or any suit or proceeding had or commenced, in any civil case, but the proceedings, in every such case, shall be conformed, when necessary, to the provisions of the Revised Statutes. In a *scire facias* pending at the time when the Revised Statutes took effect, it was

Bickford
*v.*
Boston and
Lowell
Railroad
Corporation.

*held,* that the proceedings might be conformed to and regulated by the provisions of those statutes, without affecting any vested right or invalidating any act done in the original suit, and therefore that it was competent to the court to allow the trustee to answer anew.

SCIRE FACIAS, dated in 1834. The declaration recites, that in the Court of Common Pleas holden for the county of Middlesex, in 1833, the plaintiff recovered against John Chandler, the sum of $159·95 damages, and $19·95 costs ; that judgment was thereof rendered, and an execution was issued or those sums against the goods, effects and credits of Chandler in the hands and possession of the Boston and Lowell Railroad Corporation, trustees of Chandler, as appears of record ; that the officer being directed, according to the tenor of the execution, to satisfy those sums from the goods, effects and credits in the hands of the corporation, made a demand, according to law, upon Patrick T. Jackson, and Jackson refused and neglected to discover goods, chattels, lands, effects and credits, as appears by the officer's return, (which is set out in full, and in which the officer certifies, that on March 8, 1834, he made a demand upon the corporation as trustee, by calling upon Patrick T. Jackson, the president of the corporation, to discover and expose the goods, chattels, lands, effects or credits of Chandler in the hands and possession of the corporation, and that Jackson neglecting and refusing to discover or expose any such goods, &c. he, the officer, returns the execution wholly unsatisfied,) and so the officer returned the execution wholly unsatisfied ; as by the writ of execution and return thereon, &c. more fully appears ; and the plaintiff avers that the judgment is still altogether unsatisfied, and in full force. And the *scire facias* commands the officer to make known to the corporation, as trustees of Chandler, by virtue of the judgment on the original process, to show cause why the plaintiff ought not to have his execution against them for his damages and costs before mentioned. To this there was a general demurrer.

**Oct. 17th,
1836.**

*Hoar,* in support of the demurrer, objected that the demand of payment of the execution was not made upon the proper officer of the corporation ; *St.* 1832, *c.* 161 ; Revised Stat. *c.* 109, § 6 ; and that there was no averment that the corporation had been adjudged trustees of Chandler.

*Farley* and *A. W. Austin*, for the plaintiff, cited *Dyer* v *Stevens*, 6 Mass. R. 389.

WILDE J. afterward delivered the opinion of the Court. The only material objection to the declaration appears to be, that there is no averment that the defendants were adjudged trustees in the original process. If such an adjudication is required by the true construction of the statute of 1794, *c.* 65, which was in force when this suit was commenced, undoubtedly the objection is well maintained, for the declaration contains no direct averment to that effect, and it does not appear, except argumentatively, that any such adjudication has been made. But it is the opinion of the Court, that such an adjudication is not in all cases, if in any, required by the statute. The 5th section provides, that when the plaintiff shall recover judgment against the principal, and there shall be one or more trustees summoned, who shall not have come into court and discharged themselves upon oath of being trustees, as supposed in the writ, the court shall award execution against the goods, effects and credits of the principal in the hands and possession of every such trustee, as well as against the body, goods and estate of the principal. And the form of the execution conforms to this requisition of the statute. By this section the court are certainly not required to render any judgment except against the principal, and an award of execution against the goods, effects and credits in the hands of the trustee. The 6th section directs the manner in which judgment is to be rendered for or against the trustee on *scire facias*.

These are the only material sections which bear upon the present question, in neither of which is it required that the court shall render judgment against the trustee in the original suit. On the contrary, they have no authority so to do, although the trustee should expressly admit that he was indebted to the principal as charged in the writ.

It is true, that when the trustee comes in on the original process, and submits to an examination, and prays to be discharged on his answers, the court is bound to decide the question whether he is entitled to a discharge, or whether he appears to be a trustee or not; but the decision of the court is an interlocutory decision not definitively binding on the

Bickford
v.
Boston and
Lowell
Railroad
Corporation.

trustee, and consequently it may be omitted to be set forth in the *scire facias*. If the trustee does not appear and discharge himself on oath in the original suit, he may be defaulted, but in that case there is no adjudication that he is chargeable as trustee ; that question is postponed until *scire facias* shall be brought, when he may or may not discharge himself. Now that may be, for aught we know to the contrary, the condition of the present defendants. The record of the proceedings are not set out in the declaration, nor was it required, but the defendants on oyer might have had the whole record set out, and thus it might have been ascertained whether the defendants came in and answered to interrogatories, or were defaulted, or whether there was or was not any adjudication against the trustee. Whether this would be material or not, it is not necessary to decide, for such an adjudication, if made, was no part of the judgment in the original suit. When a party brings debt or *scire facias* on a judgment, the judgment only is to set out, and whether it was rendered on nonsuit, or default, or on verdict, or demurrer, is never required to be alleged. We are, therefore, clearly of opinion, that the judgment in the original suit is sufficiently set out, and that it is valid and regular. The case of *Dyer et al.* v. *Stevens*, 6 Mass. R. 389, is directly in point, and fully sustains this opinion.

As to the objection, that the demand on the president of the defendant corporation was not sufficient, it appears to the Court, that as he was at the head of the corporation, he was the most proper person upon whom the sheriff should have made the demand.

*Declaration adjudged good.*

On the original trustee process the trustees filed answers tending to charge themselves, but not for any specified sum ; and while the *scire facias* was pending in this Court, the Revised Statutes went into operation. After which the trustees moved, under Revised Stat. c. 109, § 41, for leave to answer anew.

*Oct.* 16*th*,
1838.

*Hoar*, in support of the motion, referred to *Valentine* v. *Boston*, 20 Pick. 202.

*Farley* and *A. W. Austin*, *contrà*, insisted that the answers

on the examination in the original suit, were an admission of funds in the hands of the respondents to the amount of the plaintiff's demand ; that in such case, under *St.* 1794, *c.* 65, § 6, the trustees could not be examined anew on *scire facias*, and consequently that their motion could not be granted without affecting rights which had already accrued to the plaintiff before the Revised Statutes took effect. Revised Stat. *c.* 146, § 5, 7 ; *Cleveland* v. *Clap*, 5 Mass. R. 201 ; *Sebor* v. *Armstrong & Tr.* 4 Mass. R. 206.

SHAW C. J. delivered the opinion of the Court. On *scire facias* against the defendants as trustees, they come in and move to amend their answers, made by their president, in the original suit. By the Revised Statutes it is expressly provided, that on *scire facias* against a trustee, the court may require or permit him to be examined anew, whether he had or had not been examined in the original suit. Revised Stat. *c.* 109, § 41.

This motion is opposed, and it is contended that the Revised Statutes do not apply, because this suit was not only pending, but had in fact been entered in this court before the Revised Statutes were passed, and this appears by the record to be the fact, the appeal on this *scire facias* having been entered in October, 1834. It also appears that the trustees were examined and charged in the original suit. The objection is placed on the provision in Revised Stat. *c.* 146, § 5, that the repeal of former acts shall not affect any act done or right accruing or accrued, or any suit or proceeding had or commenced, in any civil case. But the proceedings in every such case shall be conformed, when necessary, to the provisions of the Revised Statutes.

The question then is, whether there is in this case any right accrued to the plaintiff, which will be affected by the granting of the motion, or whether it is merely a step in the cause pending. The obvious purpose of the statute was to confirm existing rights, to give effect to acts done, but to regulate proceedings which were afterwards to be had. The original suit and the *scire facias* under the trustee process, constitute one connected and continued course of proceedings. The original judgment does nothing more than declare the trustee liable, on

*Bickford*
*v.*
*Boston and Lowell Railroad Corporation.*

*Oct. 19th.*

his answers, without fixing the amount. The Court are of opin-ion, that the proceedings on *scire facias* may be conformed to and regulated by the provisions of the Revised Statutes, with-out affecting any vested right, or invalidating any act done, in the original suit, and therefore that it is competent to the Court to grant the motion, under the clause of the Revised Statutes first cited. *Valentine* v. *Boston*, 20 Pick. 202.

On the grounds stated, the Court think it equitable that the motion be granted upon proper terms, as to the time of filing a further answer, and as to costs.

*Motion granted.*